Taylor, Chief-Justice,
 

 delivered the opinion of the Court:
 

 Wade recovered a judgment in May, 1801, against J. Boyd aiid Josiah Daniel, sen’r, which they stayed by injunction. Boyd died, and the Equity suit was prosecuted by Daniel alone, until 1811, when he died, having* appointed Woodson, Josiah and Elizabeth Daniel his exe*.
 
 *131
 
 cutors and executrix, of whom Woodson alone took out letters testamentary. At September term, 1812, theinjunction was dissolved as to part of the sum enjoined, and the Plaintiff at law ivas allowed to proceed. He did so, without making either the representatives of Boyd or Daniel parties to the judgment, by suing out a
 
 fu fa.
 
 in October, 1832, and two others afterwards,* the last of which was levied by Smith, the Sheriff, on a negro girl named Nelly, all the right and title of whom, was sold by the Sheriff on the 26th April, 1813, to James Edwards, and the judgment was satisfied out of the sale ; to which effect a return was made on theJL
 
 fa.
 
 Itseems that Nelly had been bequeathed by Josiah Daniel to Elizabeth, who. took her into possession with the assent of the executors, and held her as legatee. Elizabeth sued Smith and recovered from him the value of Nelly, which he paid, and he now moves to amend bis return on the execution and withdraw the money from the office. It is admitted, that the bequest to Elizabeth and the assent of the executors was. unknown to Smith. The motion appears to be supported by manifest justice; and a compliance with it is doubtless authorised by law. The Sheriff has paid out of his own pocket, the sum recovered by Elizabeth, for doing what, to all appearance, was an official duty in the ordinary course of law. He knew not of the irregularity of the execution, or of the right of Elizabeth to the slave : and although this was no justification to him, as against Elizabeth, whose property he had seized under an execution against Josiah’s estate, yet as againt Wade, who claims the money madeby the sale, and who sued out a void execution, it gives the Sheriff the strongest possible claim. This execution might have been set aside on the motion of Josiali Daniel’s representatives; and upon the application of Elizabeth, inasmuch as her right to the negro was clear, the Court would have restored the property after the seizure.
 
 *
 
 But as she elected to bring a suit against the Sheriff, he should be considered
 
 *132
 
 as standing in her place, and having the rights which she had before the action was brought. It is not just that Woodson Daniel should oppose this motion, unless it he s.jug^ce ^ia^. ^ Qf one p0rs0n should be paid out of the estate of another. That a Sheriff may be permitted to make a return upon an execution, or to amend it according to the truth of the case, at any time after the return day, is shewn by the cases of Bullit’s executor
 
 v.
 
 Winston,* and Baird v. Rice;† cases too, where important consequences, as to the rights of parties, were produced by such amendment. The execution in the case at bar was void, because issued after the death of Josiah Daniel, without making his executors parties : but I do not apprehend it was necessary to revive the judgment after the year, where a Plaintiff has been prevented from suing out execution by the Defendant’s obtaining an injunction out of Chancery. The case of Mitchell
 
 v.
 
 Cue
 
 et
 
 Uxor, overrules the cases in Salkeld and Strange to the contrary
 
 ;
 
 the Court saying that this rule of reviving a judgment of above a year old by a
 
 scire facias,
 
 before suing out execution upon it, which was intended to prevent a surprise upon the Defendant, ought not to be taken advantage of by a Defendant, who was so far from being surprised by the Plaintiff’s delay, that he himself had been trying all manner of methods, whereby he might delay the Plaintiff
 
 -,
 
 and, therefore, they not only discharged the rule,
 
 but
 
 discharged it with costs.
 
 ‡
 
 The Court are of opinion, the motion made on behalf of' Smith, should be-allowed.
 

 *
 

 1 Ld. Ray. 439. Bingliam on Judgments, 264.
 

 ‡
 

 2 Burr. 660,.